IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Case No. 19-CR-3726-JB |
| | ) | |
| vs. | ) | |
| | ) | |
| JONATHAN JAMES GOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant's Second Unopposed Motion to Continue**

JONATHAN JAMES GOMEZ, by and through Harry Zimmerman, counsel for Defendant moves the court to continue the jury trial currently scheduled for December 30, 2019, and to vacate and reschedule all other deadlines and settings in this matter. In support of this motion, Mr. Gomez states:

1. Jonathan Gomez is charged by indictment with Racketeering conspiracy pursuant to 18 U.S.C. 1962(d).  He pleaded not guilty on October 18, 2019.  (Docs. 21, 22).

2. On November 6, 2019, Mr. Gomez in an unopposed motion asked this Court to declare this case Complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and to continue the December 16, 2019 jury trial date. (Doc. 26). The Court declared the matter complex and continued trial to December 30, 2019. (Doc. 28).

3.  Mr. Gomez respectfully requests a continuance of the December 30, 2019 trial date. Specifically, he requests a trial date of June 8, 2020. This is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in

1

less than seven weeks.

    5. Given the general allegations in the racketeering conspiracy charge, and the mountain of discovery yet to be provided, a continuance of approximately six months is necessary for counsel to complete tasks vital to a constitutionally effective defense. <u>United States v. Golub</u>, 694 F.2d 207, 214 (10th Cir. 1982) ("Although frequently the result of a slothful lawyer, inadequate preparation can also be caused by unreasonable time constraints imposed by a trial court") (citing <u>Powell v. Alabama</u>, 287 U.S. 45, 71) (other citations omitted). The vital tasks include:

    A) **To obtain complete discovery**. This Court has now ordered the appointment of a Coordinating Discovery Attorney ("CDA") to aid in the management of the 448.5 gigabytes of discovery that includes more than 156,000 pages, 4,939 wiretap interceptions and over 67,000 jail calls that is anticipated to be produced. (Docs. 27, 30). With the CDA appointment, the defense will now have access to discovery specifically related to Mr. Gomez.

    B) **To review the discovery.** Once the discovery is received, the defense team must review the discovery and share discovery with Mr. Gomez. With the CDA appointment, he will now have access to the discovery material in electronic data format that he may view securely under this Court's previous protective order.

    C) **To prepare and file any necessary pretrial motions**. The defense anticipates that it will be filing pretrial motions including but not limited to motions related to any outstanding discovery, suppression, exculpatory evidence, confidential informants or other Government sources. The defense will not be able to assess which motions to file until discovery is complete.

    C) **To fully investigate the case**. Anticipated investigations will include, but not be limited

3

to: 1) interviewing witnesses; 2) gathering documentation and other evidence which would both support the theory of defense as well as negate the theory of the prosecution; 3) consulting with experts.

D) **To engage in plea negotiations with the government**. It is believed that a negotiated resolution of this matter may be possible, and that additional time is necessary to pursue such negotiations.

6. Mr. Gomez requests a continuance of the trial to on or about June 8, 2020. Counsel believe that length of time to be the minimum needed to obtain outstanding discovery, to conduct any follow-up investigation, to engage in plea negotiations with the government, to file pretrial motions, to accommodate scheduling conflicts and to ensure that Mr. Gomez receives effective assistance of counsel and is accorded due process.

7. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Gomez will be denied his right to the effective assistance of counsel. "Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense." United States v. Verderame, 51 F.3d 249, 252 (11th Cir. 1995) (quoting Avery v. Alabama, 308 U.S. 444, 446, 60 S. Ct. 321, 84 L. Ed. 377 (1940). "[T]he denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." Id.

8. The Government agree with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice the Government and will potentially allow the parties to reach a favorable resolution with the government. Counsel apprised Mr. Gomez of his rights under the Speedy Trial Act and Mr. Gomez understand the need for a continuance and

4

respectfully request that the court continue the trial for the approximately six months requested by counsel.

9. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial.  See <u>United States v. Hernandez-Mejia</u>, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also designed with the public interest firmly in mind.") (citations and internal quotation marks omitted). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, conduct a thorough review of all of the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendants by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

10. By email November 14, 2019, at 3:39 p.m., Assistant United States Attorney Maria Armijo does not oppose this motion. Now that this Court has determined this matter complex, the parties are working together on a proposed scheduling order for a trial date around June 8, 2020.

WHEREFORE, Mr. Gomez respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Dated:  November 15, 2019                                              Respectfully Submitted,

<u>/s/ Harry Zimmerman</u>
Harry Zimmerman
12231 Academy Rd. NE
301-315

5

Albuquerque, NM 87111
Tel: (505) 293-6859
Fax: 866-777-1126
E-mail: hzattorney@gmail.com

Keren H. Fenderson
PO Box 6641
Albuquerque, NM 87197
Tel: (505) 345-1085
Fax:  (505)213-0148
Email: keren.fenderson@ymail.com
Attorneys for Jonathan James Gomez

**Certificate of Service**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court on November 15, 2019, using the CM/ECF system.

<u>/s/ Harry Zimmerman</u>
Harry Zimmerman